FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2006 NOV 20  P 1: 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDREW MEREDITH | * |
| Petitioner | * |
| v. | * CIVIL ACTION NO. WDQ-06-2929 |
| | REL. CRIMINAL ACTION WDQ-85-541 |
| UNITED STATES OF AMERICA | * |
| Respondent | * |

\*\*\*\*\*\*

**MEMORANDUM**

This matter is before the Court on a pro se motion for expungement filed by Andrew Meredith. For the reasons stated below, the Motion will be summarily denied.

A convicted defendant must seek expungement of criminal records through the executive branch of government by means of a pardon. A court's power to expunge is a "narrow one" reserved for an "unusual or extreme case." *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975) (denying expungement in the context of an acquittal); *see also United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *United States v. Steelwright*, 179 F. Supp.2d 567, 573-74 (D. Md. 2002).

Although there is no direct authority in this Circuit, other federal appeals courts have ruled that district courts have "ancillary jurisdiction to expunge criminal records." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000); *see also Geary v. United States*, 901 F.2d. 679, 679-80 (8th Cir 1990); *United States v. Schnitzer*, 567 F.2d 536, 538 (2nd Cir. 1977); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975). *Sumner* held that a federal district court does not have "the power to

expunge a record of a valid arrest and conviction solely for equitable considerations... a district court's ancillary jurisdiction limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." 226 F.3d 1014. Expungement is a relief confined to "exceptional circumstances." *Allen v. Webster*, 742 F.2d 153, 155 (1984) (citing *Schnitzer*, 567 F.2d at 539).

In this case, Petitioner does not contend that his conviction was unlawful, expungement is statutorily mandated, or his conviction was recorded inaccurately. He asks the Court to expunge record of his criminal conviction because he has served his sentence and has been a law-abiding citizen since then. Paper No. 1. He also indicates that he is a church pastor and "[b]ecause of my personal recorded felony, I am prohibited to visit some penal institutions regardless of my clergy license." *Id.* While the Court appreciates Petitioner's intentions, there is no legal or equitable basis to support expungement. Accordingly, the Motion for Expungement will be denied by separate Order.

Date: 11/20/6

William D. Quarles, Jr.
United States District Judge

2